**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:21-cv-00011-LLK**

**DARYL K. EMMITT**                                                                 **PLAINTIFF**

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**               **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of Plaintiff and the Commissioner are at Doc. 20 and Doc. 26. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 14].

Plaintiff argues that the ALJ erred in failing to analyze whether his diabetes mellitus with neuropathy, which affects his lower extremities, satisfies Listing 11.14(A). [Doc. 20 at PageID.912-14]. Plaintiff further argues that the ALJ's finding that he has a residual functional capacity (RFC) to perform medium work is not supported by substantial evidence. [Doc. 20 at PageID.914-15]. Because neither argument is persuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, this Opinion will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

The ALJ concluded that Plaintiff was not disabled through the November 18, 2019 decision date. [Administrative Record, Doc. 13 at 26-27]. In support, the ALJ followed the 5-step sequential evaluation process, which applies in all Social Security disability cases. First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 1, 2014, when he alleges that he became disabled. *Id.* at 18. Second, the ALJ found that Plaintiff suffers from the following severe, or vocationally significant, impairments: diabetes mellitus with neuropathy, degenerative disc disease, obesity, and anxiety. *Id.* at

19.  Third, the ALJ found that Plaintiff's impairments do not satisfy the medical criteria of any impairment listed in Appendix 1 of the regulations.  *Id.*

As in any case that advances beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC).  The ALJ found that, notwithstanding his diabetes mellitus with neuropathy, degenerative disc disease, and obesity, Plaintiff can:

> … perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can frequently climb ramps and stairs, stoop, kneel, crouch, and crawl; and can occasionally climb ladders, ropes, and scaffolds.

[Doc. 13 at 21].  The ALJ found that, notwithstanding his anxiety, Plaintiff can:

> … frequently interact with coworkers and supervisors, and occasionally interact with the general public; can tolerate occasional changes in work routine and environment; and can sustain concentration, persistence, and pace for two hour periods.

*Id.*

Fourth, the ALJ found that Plaintiff can perform his past relevant work as a dump truck driver, which is classified as medium work.  *Id.* at 25.  Fifth (and in the alternative to a Step 4 denial), the ALJ found that Plaintiff can perform a significant number of unskilled, medium jobs in the national economy such as machine feeder, laundry worker, and hand packager.  *Id.* at 26.

**Plaintiff's first argument is unpersuasive.**

First, Plaintiff argues that the ALJ erred in failing to analyze whether his diabetes mellitus with neuropathy, which affects his lower extremities, satisfies Listing 11.14(A).  [Doc. 20 at PageID.912-14].

Listing 11.14(A) defines disabling peripheral neuropathy, among other things, as:

A. Disorganization of motor function in two extremities (see 11.00D1), resulting in extreme limitation (see 11.00D2) in the ability to stand up from a seated position … [or] balance while standing or walking ….

Appendix 1, Listing 11.14(A).  "[E]xtreme limitation … in ability to stand up from a seated position" means that "once seated you are unable to stand and maintain an upright position without the assistance of another person or the use of an assistive device, such as a walker, two crutches, or two canes."  Listing

11.00D2(a).  "[E]xtreme limitation … in ability to … balance while standing or walking" means that "you are unable to maintain an upright position while standing or walking without the assistance of another person or an assistive device, such as a walker, two crutches, or two canes."  Listing 11.00D2(b).

The ALJ implicitly found that Plaintiff has no such "extreme limitation" (and, hence, does not satisfy Listing 11.14(A)) when he found that "[t]here is … no evidence of the use of an assistive device for ambulation, which is consistent with a finding that the claimant maintains the ability to ambulate effectively."  [Doc. 13 at 19].

**Plaintiff's second argument is unpersuasive.**

Second, Plaintiff argues that the ALJ's finding that he has an RFC to perform medium work is not supported by substantial evidence.  [Doc. 20 at PageID.914-15].

In April 2019, due to complaints involving Plaintiff's lower extremities, physical therapist Kathleen Galloway conducted electromyography (EMG) and nerve conduction velocity (NCV) studies.  [Doc. 13 at 448].  Galloway's impression was an "abnormal study," with "generalized demyelinating and axonal motor and sensory polyneuropathic process in bilateral lower extremities" but "no evidence of focal lumbosacral nerve root involvement."  *Id*.  In May 2019, a certified physician's assistant (PA-C) at HMH Neuroscience, Jessica B. Prahl, examined Plaintiff and assessed paresthesia[1] affecting both legs.  *Id.* at 755.

Plaintiff's argument is unpersuasive for five reasons.

First, there is no obvious inconsistency between the above findings of Galloway and Prahl and an ability to perform medium work, which requires "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."  Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *6.

Second, Plaintiff points to no medical opinion assigning any specific limitation that would preclude medium work, but he bears the burden of proof at Steps 1 through 4 of the sequential evaluation,

---

[1] Paresthesia is a "spontaneous abnormal usually nonpainful sensation (i.e., burning, pricking)."  *Mackey v. Comm'r*, No. 16-6743, 2017 WL 6028679, at *2 (6th Cir. Aug. 23, 2017).

including proving his RFC. *Walters v. Comm'r, of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five."); *see also Jordan v. Comm'r*, 548 F.3d 417, 423 (6th Cir. 2008) ("The claimant, however, retains the burden of proving her lack of residual functional capacity."); 20 C.F.R. §§ 404.1512(a)(1), 416.912(a)(1) ("In general, you have to prove to us that you are blind or disabled.  You must inform us about or submit all evidence known to you that relates to whether or not you are blind or disabled.").

Third, the ALJ discounted the above findings of Galloway and Prahl in light of the "persuasive" opinions of the Commissioner's non-examining program physicians that Plaintiff can perform medium work.  [Doc. 13 at 25 referencing 151-52, 173-75].  This was in accord with Social Security Ruling (SSR) 96-6p, which provides that the Commissioner's program physicians are "highly qualified physicians … who are experts in the evaluation of the medical issues in disability claims under the Act."  SSR 96-6p, 1996 WL 374180, at *2.

Fourth, the ALJ discounted Galloway's findings due to certain inconsistencies between Plaintiff's allegations and the objective medical evidence that was before Galloway:

> An EMG study in February 2019 indicated generalized demyelinating and exonal motor and sensory polyneuropathic process in bilateral lower extremities; and no evidence of focal lumbosacral nerve root involvement (11F/23-26).  On coinciding examination, the claimant had full strength in the bilateral lower extremities, no tenderness, and straight leg raising was negative (11F/14-15).  Joseph L. Laratta, M.D., indicated that the claimant had unclear etiology of the lower back and bilateral lower extremity pain, and there was no evidence of significant pathology on his MRI and x-ray, and very mild spondylosis.  Overall, this evidence indicates that the claimant's objective evidence is inconsistent with the intensity of the claimant's alleged symptoms.

[Doc. 13 at 24].  The ALJ discounted Prahl's findings for similar reasons:

> The claimant had a neurosurgical evaluation in May 2019 (13F/1-3).  The claimant reported nine out of ten pain, and he reported constant pain.  On examination, the claimant was in no acute distress.  The claimant had tenderness to palpation present in the thoracic and lumbar spine.  However, the claimant had normal range of motion and no joint crepitation in the lower extremities.  The claimant had no edema present.  The claimant had normal strength, normal tone, no atrophy, and no abnormal movements.  He had a limping gait and negative straight leg raising tests.  An MRI of the thoracic spine in June 2019 indicated no central or neuroforaminal stenosis at any level, no fracture, and multilevel disc bulges and disc protrusions were described (17F/7).  This evidence continues to indicate discrepancies between the claimant's allegations and

4

the objective evidence.  The claimant is in no acute distress despite allegations of nine out of ten, constant pain.  The claimant also consistently has normal range of motion in the lower extremities.

Id.  This was in accord with 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2), which provide that "[t]he more consistent a medical opinion(s) … is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) … will be."

Fifth, at best, Plaintiff shows that substantial evidence would have supported a finding that he **cannot** perform medium work, but the "substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Hizer v. Comm'r*, 852 F. App'x 999, 1001 (6th Cir. 2021).

### Order

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

March 23, 2022

**Lanny King, Magistrate Judge**
**United States District Court**